EMBRY, Justice.
This is a petition for writ of mandamus which raises the issue whether the trial court erred in ordering, pursuant to Rule 42, ARCP, a separate trial as to Dr. James H. Thomas, one of several defendants to a personal injury action.
The trial court, in response, cites a number of factual circumstances on which it grounded its order for separate trials. It states those circumstances as follows:
“(1) The case against Dr. Thomas has been pending for 3¾⅛ years; (2) Discovery as to Dr. Thomas has been complete for 2 years; (3) Plaintiff’s Appeal of Druid City Hospital’s Motion for Summary judgment, though not dealing with Dr. Thomas, nevertheless further postpones Dr. Thomas’ opportunity to have his case tried in court; (4) It is unknown what effect the Appeal will have on the case as to the remaining Defendants; and perhaps more importantly, (5) Dr. Thomas is a professional man whose reputation within the West Alabama community is essential to his conducting a medical practice.... ”
Because of this court’s simultaneous rendering of a decision concerning the trial court’s grant of partial summary judgment as to Druid City Hospital Board, Skelton v. Druid City Hospital Board, 459 So.2d 818 (Ala.1984), that appeal will have no further effect on Dr. Thomas. The remaining grounds stated by the trial court appear to concern inconvenience to Dr. Thomas caused by delay.
Rule 42(b), ARCP, provides that the trial court can order separate trials “in the furtherance of convenience or to avoid prejudice, or when separate trials will be conducive to expedition and economy." The trial court does not cite prejudice to Thomas as a ground for its order granting his motion for a’ separate trial. The Committee Comments to Rule 42 state that separate trials are not to be granted merely because the parties involved might prefer separate trials. Rather, “[i]t is the interest of efficient judicial administration which is to be considered.” Committee Comments, Rule 42, ARCP. (Emphasis added.)
Dr. James H. Thomas is one of five de-' fendants to a count charging the combined and concurring negligence of all defendants as the proximate cause of M.C. Skel-ton’s injuries. In a case such as this, a separate trial should be granted only if it appears prejudice to a defendant or inconvenience to the trial court demands such treatment. That is because it could be extremely prejudicial to the plaintiff to allow separate trials in negligence cases where each jury in the separate trials could come to the conclusion that the plaintiff was injured by the negligence of the defendant not then on trial. We do not think Rule 42 contemplates placing such a burden oh the plaintiff in the absence of extreme prejudice to a defendant or inconvenience to the trial court.
For the above reasons, we issue the writ of mandamus and order that the trial court set aside its order of 28 May 1984 granting the motion of Dr. James H. Thomas for a separate trial.
WRIT GRANTED.
TORBERT, C.J., and MADDOX, FAULKNER, JONES, ALMON, SHORES and ADAMS, JJ., concur.
BEATTY, J., not sitting.